Judgment reversed and prisoner discharged.    Order to be settled on notice.

---

HUNGARIAN GENERAL CREDIT-BANK, Respondent, *v.* EDWARD H. TITUS, Appellant.

First Department, December 8, 1916.

Pleading — action by foreign corporation on note given as indemnity — proof of affirmative defenses — when plaintiff compelled to reply — condition of granting motion to compel plaintiff to reply.

Where, in an action by a corporation of a foreign country upon a promissory note, given to indemnify the plaintiff against a guaranty which the defendant gave for the payment of merchandise sold to merchants of the foreign country, several defenses are pleaded, they must all be affirmatively proven by the defendant.

Because of the great difficulty in obtaining proof in such a case the plaintiff may be ordered to reply to the matters alleged in the answer.

The reversal of an order denying defendant's motion to compel plaintiff to reply may be made without prejudice to the proceedings already had, so that the case may retain its place on the calendar, and the notice of trial remain in full force and effect.

APPEAL by the defendant, Edward H. Titus, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of September, 1916, as resettled by an order entered in said clerk's office on the 20th day of October, 1916, denying defendant's motion to compel plaintiff to reply to a supplemental answer herein.

*Louis W. Severy,* for the appellant.

*Morris Cukor,* for the respondent.

SMITH, J.:

The plaintiff is a corporation existing under the laws of the Kingdom of Hungary. The suit is upon a promissory note for the payment of $5,000 recited to be for value received. The defendant pleads that the note was given to indemnify the plaintiff against a guaranty which the defendant gave to the Wolfram Lampen Aktien Gesellschaft for the payment of merchandise sold to Deuth & Co., evidently Hungarian merchants.

The answer alleges as a first defense that the plaintiff executed to the said Wolfram Lampen Company a guaranty substantially different from the one authorized. The second affirmative defense is that the said Wolfram Lampen Company extended for a period of six months the credit given to Deuth & Co. without the defendant's knowledge or consent. The third affirmative defense is that the plaintiff has been reimbursed for the losses which it sustained under said indemnity. The fourth affirmative defense is that an extension of the guaranty was obtained by fraudulent representation. The fifth defense is that during the period of such extended guaranty Deuth & Co. purchased no merchandise from the Wolfram Lampen Company. As the guaranty given was in form a promissory note these defenses must all be affirmatively proven by defendant. No opinion was written at the Special Term.

We think that the exigencies of the case are such that the plaintiff should reply.

There is of course great difficulty in obtaining proof in this matter, and the court should give all aid possible to both parties in narrowing the issue and possibly in avoiding a long delay through the necessity of getting evidence in Hungary,

which effort probably would be unsuccessful. I think, therefore, the plaintiff should make such reply as it can to these matters alleged in the answer.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, without costs.

The respondent asks if the order is reversed that it should be done without prejudice to the proceedings already had, that the case retain its present place on the calendar, and that it will not be necessary to serve new notice of trial, the notice heretofore served remaining in full force and effect. The defendant should so stipulate as a condition of the relief given him.

CLARKE, P. J., SCOTT, PAGE and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, without costs, on defendant stipulating as stated in opinion. Order to be settled on notice.